2024 IL App (2d) 230497-U
No. 2-23-0497
Order filed February 6, 2024

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(l).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of McHenry County |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 19-CF-481 |
| JUAN CHEVEREZ, | ) ) ) | Honorable Tiffany E. Davis, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE HUTCHINSON delivered the judgment of the court.
Justices Schostok and Mullen concurred in the judgment.

**ORDER**

¶ 1    *Held*: The circuit court did not err in detaining defendant prior to trial as there was significant evidence defendant committed a detainable offense, was a danger to the victim and the community as well as a flight risk, and was not subject to less-restrictive conditions.

¶ 2    Defendant, Juan Cheverez, appeals from the circuit court's order detaining him prior to trial. See 725 ILCS 5/110-6.1(a) (West 2022). We affirm.

¶ 3                                  I. BACKGROUND

¶ 4    Following an outcry from the victim, defendant was charged with multiple offenses related to the repeated sexual assault of M.G., defendant's girlfriend's daughter, from 2007 to 2012, when

M.G. was between the ages of five and ten. In 2019, a grand jury indicted defendant on three counts of predatory criminal sexual assault (720 ILCS 5/11-1.40(a)(1) (West 2018)), and three counts of aggravated criminal sexual abuse of a victim under 13 (*id*. § 11-1.60(C)(1)(I)). At some point, defendant fled to Mexico and a warrant was issued for his arrest with bond set at $60,000.

¶ 5    On March 23, 2022, defendant was taken into custody after he was apprehended by federal authorities while he was attempting to reenter the country. The court then granted the State's motion and increased defendant's bond to $250,000 on grounds that he was a flight risk. Defendant was unable to post bond and has remained in custody ever since.

¶ 6    On September 21, 2023, defendant filed a petition for pretrial release with conditions and the State filed a petition to deny his release on grounds of both dangerousness and willful flight. The defense then filed a motion to strike the State's petition for not having been filed within 21 days of his first appearance. See 725 ILCS 5/110-6.1(c) (West 2022). Due to several continuances not relevant here, defendant's petition and motion to strike were first heard on November 2, 2023. The circuit court heard arguments related to the motion and took the matter under advisement. On November 8, 2023, the court held a pretrial release hearing.

¶ 7    A pretrial services report indicates that defendant has five prior misdemeanor convictions out of Indiana: a DUI and driving on a suspended license in 2003, providing false information and another suspended license charge that same year, and "criminal conversion" from 2007.

¶ 8    At the hearing, the State proffered that if called to testify, M.G. would state that defendant was her mother's live-in boyfriend, and had sexually assaulted M.G. orally, anally, and vaginally again from the ages of five to ten. Defendant used force to prevent M.G. from escaping, and threatened to kill M.G., her brother, and her mother "if she ever told anyone about what he had been doing to her ***." Detectives working on the case attempted to arrest defendant in Iowa and

learned he had fled to Mexico. They were notified nearly two-and-a-half years later that defendant had been detained by Homeland Security attempting to re-enter the country through Arizona.

¶ 9    The defense asserted that defendant was unaware of the investigation or the warrant for his arrest when he returned to Mexico. According to the defense, "[h]e did not flee anything." Counsel also noted that defendant had no violent criminal history and had voluntarily returned to the country. In rebuttal, the prosecutor noted that immediately after the indictment, an investigator had contacted defendant's employer in Iowa, and "that's when [defendant] fled" the country.

¶ 10    The circuit court found that there was sufficient evidence that defendant had committed a detainable offense, that defendant poses a real and present threat to the safety of the victim and the victim's family based on his threats, and that no release conditions could mitigate that threat. The court further found that there was a risk of willful flight as defendant had the resources and ability to once again leave the country and had attempted to reenter the country illegally. The court entered a written order memorializing its findings.

¶ 11                                II. ANALYSIS

¶ 12    Defendant filed a notice of appeal and the court appointed the Office of the State Appellate Defender to represent him. The appellate defender declined to file a supplemental memorandum and stated defendant would stand on his notice of appeal. The State, however, did file a memorandum.

¶ 13    In his notice of appeal, defendant argued generally that there was insufficient evidence he was a danger to the community, or a high probability of his willful flight, and that no conditions could those concerns. As indicated, we affirm. We review the circuit court's pretrial conditions under the manifest-weight standard and the court's ultimate decision on pretrial release for an abuse of discretion. See *People v. Trottier*, 2023 IL App (2d) 230317, ¶ 13. Here, we determine

that the circuit court did not abuse its discretion and that its findings were supported by clear and convincing evidence.

¶ 14     While all criminal defendants are presumptively eligible for pretrial release (725 ILCS 5/110-6.1(e) (West 2022)), the evidence here amply demonstrated that defendant is an exception to the rule. As the circuit court found, defendant is charged with forcible felonies involving years-long sexual assaults to a child-age victim; defendant also specifically threatened to kill the victim and her family. He poses a real and present threat to their safety, as well as the community. See *id.* §§ 110-6.1(a)(1.5), (g)(1), (g)(3). Confronted with this danger, as well as defendant's prior flight from the country, we agree with the circuit court that no less-restrictive conditions would avoid the threat posed by defendant or prevent his willful flight from prosecution. *Id.* § 110-6.1(e)(3). Without question, the circuit court "applied proper criteria to reach [this] result." *People v. Atterberry*, 2023 IL App (4th) 231028, ¶ 12.

¶ 15                                   III. CONCLUSION

¶ 16     For the reasons stated, we affirm the judgment of the circuit court of McHenry County denying defendant's pretrial release.

¶ 17     Affirmed.